# EXHIBIT 1
## TO DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC'S NOTICE OF REMOVAL OF ACTION
### (CLASS ACTION FAIRNESS ACT)

EXHIBIT 1
PAGE 027

Joshua H. Haffner, SBN 188652
(jhh@haffnerlawyers.com)
Graham G. Lambert, Esq. SBN 303056
gl@haffnerlawyers.com
HAFFNER LAW PC
445 South Figueroa Street, Suite 2325
Los Angeles, California 90071
Telephone: (213) 514-5681
Facsimile: (213) 514-5682

Jimmy Hanaie, Esq., SBN 293625
(legal@legalclear.com)
LEGALCLEAR
8306 Wilshire Blvd., #5007
Beverly Hills, California 90211
Tel.: (800) 444-6962

Alexander Larian, Esq., SBN 289743
(alarian@larianlaw.com)
LARIAN LAW FIRM
8306 Wilshire Blvd., #2058
Beverly Hills, California 90211
Tel.: (310) 720-0505

Attorneys for Plaintiff and all others similarly situated

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

NOV 21 2018

J. Marcial

By Fax

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF RIVERSIDE

| | |
|---|---|
| DARREN BADILLO, an individual; on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SWIFT TRANSPORTATION CO. OF ARIZONA, LLC; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. RIC1824762<br><br>CLASS ACTION COMPLAINT FOR:<br>(1) FAILURE TO PROVIDE REST BREAKS;<br>(2) FAILURE TO PROVIDE MEAL BREAKS;<br>(3) FAILURE TO PAY MINIMUM WAGES;<br>(4) FAILURE TO PAY ALL WAGES UPON SEPARATION;<br>(5) FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS;<br>(6) FAILURE TO REIMBURSE BUSINESS EXPENSES; AND<br>(7) VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT ("UCL"), Bus. & Prof. Code § 17200 et seq. |

- 1 -
COMPLAINT

EXHIBIT 1
PAGE 028

Plaintiff Darren Badillo ("Plaintiff") brings this representative action against Defendant Swift Transportation Co. of Arizona, LLC, and Does 1 through 10 ("Defendants"), and respectfully alleges the following:

## NATURE OF THE ACTION

1. This is a California statewide class action for wage and labor violations arising out of Defendants' misclassification of its drivers as independent contractors, and the associated Labor Code violations. As alleged herein, Defendants operate a large trucking company, employ many California drivers, and engage in a pattern and practice of misclassifying them as independent contractors, and failing to fully compensate them according to California law.

2. Defendant employed Plaintiff and Class members as drivers and paid them on a piece rate, per-load basis. Defendant failed to pay Plaintiff and the Class minimum wages for all time worked, failed to compensate for rest breaks, failed to reimburse business expenses, failed to pay all wages on separation, and engaged in other labor code violations and unfair business practices. Plaintiff seeks to represent all current or former California drivers for Defendant who were misclassified as "independent contractors" in connection with these wage and hour violations.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the entire action by virtue of the fact that this is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of the Court. The acts and omissions complained of in this action took place in the State of California, or at least one Defendant resides in the state of California. Venue is proper because this is a class action, the acts and/or omissions complained of took place, in whole or in part within the venue of this Court, and/or one or more Defendant resides within the venue of this court.

## PARTIES

4. Plaintiff Darren Badillo was, at all relevant times, a citizen of the State of California, and resident in the County of Riverside, employed by Defendants as a driver during the liability period as alleged herein.

5. Defendant Swift Transportation Co. of Arizona, LLC was, at all relevant times, a Company doing business in the County of Riverside, State of California.

6. Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein under the fictitious names Does 1 through 10, inclusive, and therefore sue such defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named defendants when their true names and capacities have been ascertained. Plaintiff is informed and believe and thereon alleges that each of the fictitiously named defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by the Class.

7. Plaintiff is informed and believes and thereon alleges that all defendants, including the fictitious Doe defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, alter egos, partners and/or joint venturers and/or employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent authorization and ratification of their co-defendants; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contradiction with other allegations.

8. Swift Transportation Co. of Arizona, LLC and Does 1 through 10 will be collectively referred to as "Defendants."

## FACTS COMMON TO ALL CAUSES OF ACTION

9. Defendants provide transportation and trucking services, and employs drivers throughout California to drive for them. Defendants wrongfully misclassify drivers as independent contractors, although they are employees. Plaintiff was employed by Defendants as a driver and misclassified as an independent contractor. Plaintiff was employed by Defendants as a driver for several years, and ceased being employed by Defendants in or about February 2017.

10. Defendants exercise control over Plaintiff and the representative class' hours, wages, working conditions, and suffer and permit them to work. Among other things,

Defendants set Plaintiff and Class members' pay and schedule. Moreover, the drivers perform an essential function of Defendants' business, and are a usual and customary part it. All drivers at issue in this action service Defendants' customers.

11. Defendants controlled the means and manner of Plaintiff and other drivers' performance of work for Defendant, including but not limited to the following:

   a. Requiring trucks to bear Defendant's signage and logos on the trucks;
   b. Assigning Class members' work schedules and jobs;
   c. Using Class members to perform work solely on behalf of Defendant for Defendant's customers;
   d. Requiring adherence to Defendant's rules and standards for operation of truck and performance of job;
   e. Requiring Class members to meet certain schedules;
   f. Controlling and setting Class members pay;
   g. Retaining the power to terminate.

12. Defendants set Plaintiff and class members' compensation, and paid them on a piece-rate basis for individual driving jobs. Plaintiff and class members were required to perform non-driving and/or non-productive duties, including but not limited to, truck and trailer inspections, waiting time, and other on-duty time. Defendants failed to compensate Plaintiff at minimum wages for non-driving and/or non-productive time, including pre and post trip inspections and waiting time. For each shift Plaintiff worked, Defendant failed to compensate for this non-productive time. At all times during the liability period, Defendants had the power to control wages, hours, and/or working conditions of Plaintiff and their other drivers.

13. Defendant paid on a piece rate basis, and failed to separately compensate Plaintiff and class members for rest breaks. For each shift Plaintiff worked, Defendant failed to compensate for rest breaks. At all times during the liability period, Plaintiff and Defendants' drivers were assigned to and required to work shifts lasting over than three and one half hours (3½), but were not separately compensated for a ten (10) minute, uninterrupted rest break during each such shift.

14. At all times during the liability period, Plaintiff and the Class members were assigned to and required to work for periods lasting in excess of five (5) hours and were not provided or allowed to take a thirty (30) minute, uninterrupted, off-duty meal break. Defendants did not schedule meal breaks, and Plaintiffs were on duty while hauling a load for Defendants. Plaintiff and Defendants' other drivers often worked and in excess of ten (10) hours without a second thirty (30) minute meal break. Plaintiff's pay plan incentivized completing the job in minimal time, without taking duty free meal breaks. Plaintiff and class members generally had lunch while on duty, usually during waiting time in their truck. Plaintiff and the Class were not separately compensated for on duty meal breaks.

15. At all times during the liability period, Defendants failed to pay their drivers for all hours worked. Defendant failed to compensate Plaintiff and other drivers for non-driving time, including but not limited to, pre and post trip inspections, waiting time, driving without a load, and other on duty time.

16. At all times during the liability period, Defendant failed to reimburse Plaintiff and other drivers for the business expenses they incurred performing job duties for Defendants including, but not limited to, fuel and insurance, in violation of California Labor Code sections 201, 202, 203, 226.7, 512, and 2802.

17. When Plaintiff and other drivers left Defendant's employ, Defendant failed to pay all wages due at separation, as set forth herein. Defendants also regularly issued inaccurate wage statement to Plaintiff and the other drivers.

18. Defendants have engaged in a pattern and practice of misclassifying their employees as independent contractors. Plaintiffs are informed and believes there are other current and former aggrieved employees who suffered similar violations. Plaintiffs brings this action on behalf of other current and former aggrieved employees.

19. Defendants' conduct, as alleged herein, has caused Plaintiff and Class members damages including, but not limited to, loss of wages and compensation. Defendants have failed to pay minimum wages, failed to pay all wages owed each pay period, failed to provide timely and accurate wage statements, failed to pay all wages owed upon termination, and engaged in unfair

- 5 -
COMPLAINT

EXHIBIT 1
PAGE 032

1  competition.

2     20.      Plaintiff is a member of and seeks to be the representative for the similarly situated drivers who all have been exposed to, have suffered, and/or were permitted to work under, Defendants' unlawful employment practices as alleged herein.

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

21.      Plaintiff brings this action on behalf of himself, and on behalf of all others similarly situated, and as a member of the Class defined as follows:

> **Class:** All current or former drivers for Defendants, who were California residents and were classified as "independent contractors," at any time beginning four (4) years prior to the filing of the Complaint through the date notice is mailed to the Class (the "Class period").
>
> **Subclass:** All former drivers for Defendants, who were California residents and were classified as "independent contractors," at any time beginning four (4) years prior to the filing of the Complaint through the date notice is mailed to the Class (the "Class period").

22.      All causes of action are pled and pursued on behalf of the Class, except the fourth cause of action for failure to pay all wages upon separation, which is pled and pursued on behalf of the Subclass. Plaintiff reserves the right to amend or otherwise alter the Class definition presented to the Court at the appropriate time, or to propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendant or otherwise.

23.      This action has been brought and may be properly maintained as a class action pursuant to the provisions of California's class action statute, and other applicable law.

24.      **Numerosity of the Class:** Members of the Class are so numerous that their individual joinder is impracticable. The precise number of Class members and their addresses are known to Plaintiff or will be known to Plaintiff through discovery. Class members may be notified of the pendency of this action by mail, electronic mail, the Internet, or published notice.

25.      **Existence of Predominance of Common Questions of Fact and Law:** Common questions of law and fact exist as to all members of the Class. These questions predominate over

any questions affecting only individual Class members. These common legal and factual questions include:

   a. Whether Plaintiff and each member of the Class were misclassified as independent contractors;
   b. Whether Plaintiff and each member of the Class were not paid minimum wage for each hour worked or part thereof during which they were required to perform acts at the direction and for the benefit of Defendant;
   c. Whether Defendants failed to pay Plaintiff and the members of the Class who worked as drivers in California for the total hours worked during the Class period;
   d. Whether Defendants failed to provide for and/or properly compensate Plaintiff and the members of the Class for rest breaks as required by California law;
   e. Whether Defendants failed to provide for and/or properly compensate Plaintiff and the members of the Class for meal breaks as required by California law;
   f. Whether Defendant violated Labor Code § 226(a) by issuing inaccurate itemized wage statements to Plaintiff and members of the Class;
   g. Whether Defendants violated Labor Code § 2802 by failing to reimburse Plaintiff and Class members for business expenses they incurred.
   h. Whether Defendants failed to pay all wages due on separation.
   i. Whether Defendants engaged in an unfair business practice in violation of Business & Professions Code §17200, et seq., based on the labor practices and Labor Code violations alleged herein.
   j. The nature and extent of class-wide injury and the measure of damages for the injury.

26.   **Typicality**: Plaintiff's claims are typical of the claims of the members of the subclasses they represent because Plaintiff, as a driver of Defendants, was exposed and subjected to the same unlawful business practices as other drivers employed by Defendants during the liability period. Plaintiff and the members of the sub classes they represent sustained the same types of damages and losses.

27. **Adequacy:** Plaintiff is an adequate representative of the Class he seeks to represent because his interests do not conflict with the interests of the members of the subclasses Plaintiff seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends to prosecute this action vigorously. The interests of members of each Class will be fairly and adequately protected by Plaintiff and his counsel.

28. **Superiority and Substantial Benefit:** The class action is superior to other available means for the fair and efficient adjudication of Plaintiff and the Class members' claims. The damages suffered by each individual Class member may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct. Further, it would be virtually impossible for the Class members to redress the wrongs done to them on an individual basis. Even if members of the Class themselves could afford such individual litigation, the court system could not. Individualized litigation increases the delay and expense to all parties and the court system, due to the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

29. The Class should also be certified because:

   a. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members which would establish incompatible standards of conduct for Defendants;

   b. The prosecution of separate actions by individual members of the Class would create a risk of adjudication with respect to them, which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

   c. Defendants have acted or refused to act on grounds generally applicable to the Class, and/or the general public, thereby making appropriate final and injunctive relief with respect to the Classes as a whole.

# FIRST CAUSE OF ACTION
## UNLAWFUL FAILURE TO PROVIDE REST PERIODS
(Violation of Labor Code §§ 226.7, 512, and 1194; IWC Wage Order No. 9-2001, § 12)
(Against All Defendants)

30. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

31. California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

32. IWC Order No.9-2001(12)(A) provides, in relevant part: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work times is less than three and one-half hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

33. IWC Order No. 9-2001 (12)(B) further provides, "If an employer fails to provide an employee with a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

34. As alleged herein, Defendant paid Plaintiff and Class members on a piece-rate basis, and failed to separately compensate them for rest breaks, in violation of California law.

35. By their actions, Defendants violated § 12 of IWC Wage Order No. 9-2001 and California Labor Code § 226.7, and are liable to Plaintiff and the Class.

36. Defendants' unlawful conduct alleged herein occurred in the course of employment of Plaintiff and all others similarly situated and such conduct has continued through the filing of this complaint.

37. As a direct and proximate result of Defendants' unlawful action, Plaintiff and the Class have been deprived of timely rest periods and/or were not paid for rest periods taking

EXHIBIT 1
PAGE 036

during the Class period, and are entitled to recovery under Labor Code § 226.7(b) in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendants failed to provide employees with timely and/or paid rest periods.

## SECOND CAUSE OF ACTION
## UNLAWFUL FAILURE TO PROVIDE MEAL PERIODS
### (Violation of Labor Code §§ 512 and 226.7; IWC Wage Order No. 9-2001, § 11)
### (Against All Defendants)

38. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

39. California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

40. IWC Order No. 9-2001(11)(A) provides, in relevant part: "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

41. Section 512(a) of the California Labor Code provides, in relevant part, that: "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

42. As alleged herein, Defendant failed to authorize and permit uninterrupted meal breaks during the Class period. Plaintiff and members of the Class were routinely required to

- 10 -
COMPLAINT

EXHIBIT 1
PAGE 037

work without an uninterrupted meal break at the direction of Defendant and/or with Defendant's knowledge and acquiescence.

43. By its actions in requiring its employees to work through meal periods and/or its failure to relieve drivers of their duties for their off-duty meal periods, Defendant has violated California Labor Code § 226.7 and § 11 of IWC Wage Order No. 9-2001, and is liable to Plaintiff and the Class.

44. As a result of the unlawful acts of Defendant, Plaintiff and the Class have been deprived of timely off-duty meal periods, and are entitled to recovery under Labor Code § 226.7(b) and § 11 of IWC Wage Order No. 9-2001, in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendant failed to provide its drivers with timely statutory off-duty meal periods.

## THIRD CAUSE OF ACTION
## UNLAWFUL FAILURE TO PAY MINIMUM WAGES
### (Violation of Labor Code §§ 510, 1194, 1194.2, 1197; Wage Order No. 9-2001, §4)
### (Against All Defendants)

45. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

46. Labor Code § 510 provides in relevant part: "[e]ight hours of labor constitutes a day's work. Any work in excess of eight hours in one work day and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

47. Labor Code §1197 provides: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

48. Labor Code § 1194, subdivision (a) provides: "Notwithstanding any agreement to

- 11 -
**COMPLAINT**

EXHIBIT 1
PAGE 038

work for a lesser wage, an employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

49. Labor Code § 1194.2 provides in relevant part: "In any action under Section 1193.6 or Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

50. Pursuant to IWC Wage Order No. 9-2001, at all times material hereto, "hours worked" includes "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, where or not required to do so."

51. Plaintiff and Class members were required to work non-driving and/or non-productive time, for which they were not compensated, in violation of California's minimum wage laws. This includes, but is not limited to, pre and post trip inspections, waiting time, meetings, trips driving without a load, and other on duty time. Plaintiff's piece rate pay failed to compensate Plaintiff and Class members at the applicable minimum wage for all the hours worked, driving and non-driving.

52. At all times relevant during the liability period, under the provisions of Wage Order No. 9-2001, Plaintiff and each Class member should have received not less than the minimum wage in a sum according to proof for the time worked, but not compensated.

53. For all hours that Plaintiff and the Class members worked, they are entitled to not less than the California minimum wage and, pursuant to Labor Code § 1194.2(a) liquidated damages in an amount equal to the unpaid minimum wages and interest thereon. Pursuant to Labor Code § 1194, Plaintiff and the Class members are also entitled to their attorneys' fees, costs and interest according to proof.

54. At all times relevant during the liability period, Defendants willfully failed and refused, and continues to willfully fail and refuse, to pay Plaintiff and Class members the

EXHIBIT 1
PAGE 039

amounts owed.

55. Defendants' unlawful conduct alleged herein occurred in the course of employment of Plaintiff and all other similarly situated drivers, and Defendants has done so continuously throughout the filing of this complaint.

56. As a direct and proximate result of Defendants' violation of Labor Code §§ 510 and 1197, Plaintiff and other Class members have suffered irreparable harm and money damages entitling them to damages, injunctive relief or restitution. Plaintiff, on behalf of themselves and on behalf of the Class, seeks damages and all other relief allowable including all wages due while working as Defendants' drivers, attorneys' fees, liquidated damages, prejudgment interest, and as to those employees no longer employed by Defendants, waiting time penalties pursuant to Labor Code § 200 *et seq*.

57. Plaintiff and the Class members are entitled to back pay, pre-judgment interest, liquidated damages, statutory penalties, attorneys' fees and costs, and for Plaintiff and the Class of members no longer employed, waiting time penalties pursuant to Labor Code § 1194.

### FOURTH CAUSE OF ACTION
### FAILURE TO PAY ALL WAGES DUE AT SEPARATION
### (Violation of Labor Code § 203)
### (Against All Defendants)

58. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

59. California Labor Code §§ 201 and 202 requires Defendants to pay all compensation due and owing to former drivers at or around the time employment is terminated. Section 203 of the California Labor Code provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by §§ 201 and 202, then the employer is liable for penalties in the form of continued compensation up to thirty (30) work days.

60. At all times relevant during the liability period, Plaintiff and the other members of the Subclass were employees of Defendants covered by Labor Code § 203.

61. Plaintiff and the Class were not paid for their work performed in excess of eight

- 13 -
**COMPLAINT**

EXHIBIT 1
PAGE 040

(8) hours per day, nor were they paid for their work time. Defendants willfully failed to pay Plaintiff and other members of the Class who are no longer employed by Defendants for their uncompensated hours, uncompensated overtime, and missed, untimely or on-duty meal and rest periods upon their termination or separation from employment with Defendants as required by California Labor Code §§ 201 and 202. As a result, Defendants is liable to Plaintiff and other members of the Class who are no longer employed by Defendants for waiting time penalties amounting to thirty days wages for Plaintiff and each such Class member pursuant to California Labor Code § 203.

## FIFTH CAUSE OF ACTION
### FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS
(Violation of Labor Code §§ 226 and 226.3)
(Against All Defendants)

62. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

63. California Labor Code § 226(a) provides: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee..., (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

64. Labor Code § 226(e) provides that an employee is entitled to recover $50 for the

- 14 -
COMPLAINT

EXHIBIT 1
PAGE 041

initial pay period in which a violation of § 226 occurs and $100 for each subsequent pay period, as well as an award of costs and reasonable attorneys' fees, for all pay periods in which the employer knowingly and intentionally failed to provide accurate itemized statements to the employee causing the employee to suffer injury.

65. Plaintiff is informed, believe and thereon alleges that at all times relevant, Defendants knowingly and intentionally failed to furnish and continues to knowingly and intentionally fail to furnish Plaintiff and each Class member with timely and accurate itemized statements showing the gross wages earned by each of them, as required by Labor Code § 226(a), in that the payments owed to Plaintiff and the members of the Class for unpaid minimum wages, and missed meal and rest periods, were not included in gross wages earned by Plaintiff and the Class.

66. Defendants' failure to provide Plaintiff and members of the Class with accurate itemized wage statements during the Class period has caused Plaintiff and members of the Class to incur economic damages in that they were not aware that they were owed and not paid compensation for missed rest periods and on-duty meal periods, for hours worked without pay, and for overtime worked without pay. In addition, as set forth in Plaintiffs' third cause of action, Defendants provided inaccurate information regarding hours worked, which masked their underpayment of wages to Plaintiff and the Class.

67. As a result of Defendants' issuance of inaccurate itemized wage statements to Plaintiff and members of the Class in violation of Labor Code § 226(a), Plaintiff and the members of the Class are each entitled to recover penalties pursuant to § 226(e) of the Labor Code.

### SIXTH CAUSE OF ACTION
### FAILURE TO REIMBURSE BUSINESS EXPENSES
(Violation of Labor Code § 2802)
(Against All Defendants)

68. Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth fully herein.

69. California Labor Code § 2802 provides "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

70. During the applicable statutory period, Plaintiff and the Class members incurred necessary expenditures and losses in direct consequence of the discharge of their employment duties and their obedience to the directions of Defendants. These business expenses which Plaintiff and class members incurred, which were not reimbursed include, but are not limited to, fuel and insurance. Defendants did not reimburse these expenditures or losses to Plaintiff and the Class members.

71. Defendants has failed to fully reimburse Plaintiff and the members of the Class for necessary business-related expenses and losses.

72. Plaintiff and the Class members are entitled to recover their unreimbursed expenditures and losses pursuant to Labor Code § 2802.

### SEVENTH CAUSE OF ACTION
### VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT
(Violation of California's Unfair Competition Law, Bus. & Prof. Code §§ 17200 *et seq.*)
(Against All Defendants)

73. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

74. Section 17200 of the California Business and Professions Code (the "UCL") prohibits any unlawful, unfair, or fraudulent business practices.

75. Through its action alleged herein, Defendants has engaged in unfair competition within the meaning of the UCL. Defendants' conduct, as alleged herein, constitutes unlawful, unfair, and/or fraudulent business practices under the UCL.

76. Defendants' unlawful conduct under the UCL includes, but is not limited to, violating the statutes alleged herein. Defendants' unfair conduct under the UCL includes, but is

- 16 -
COMPLAINT

EXHIBIT 1
PAGE 043

not limited to, failure to pay Class members wages and compensation they earned through labor provided, and failing to otherwise compensate Class members, as alleged herein. Defendants' fraudulent conduct includes, but is not limited to, issuing wage statements containing false and/or misleading information about the time the Class members worked and the amount of wages or compensation due.

77. Plaintiff has standing to assert this claim because he has suffered injury in fact and has lost money as a result of Defendants' conduct.

78. Plaintiff and the Class seek restitutionary disgorgement from Defendants, and an injunction prohibiting them from engaging in the unlawful, unfair, and/or fraudulent conduct alleged herein.

## PRAYER

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated and also on behalf of the general public, pray for judgment against Defendants as follows:

A. An order that this action may proceed and be maintained as a class action;

B. For all unpaid minimum wages and liquidated damages due to Plaintiff and each Class member on their minimum wage claim;

C. For one hour of wages at Plaintiff and each Class members' regular rate of compensation each rest break violation pursuant to Labor Code §226.7(c);

D. For one hour of wages at Plaintiff and each Class members' regular rate of compensation each meal break violation pursuant to Labor Code §226.7(c)

E. For continuation wages under Labor Code § 203;

F. For statutory penalties under Labor Code § 226(e);

G. An order requiring Defendants to comply with Labor Code § 226(a) with respect to all currently employed members of the Class;

H. For reimbursement of business expenses under Labor Code § 2802;

I. For restitutionary disgorgement pursuant to the UCL;

J. An order enjoining Defendants from further unfair and unlawful business practices

1       in violation of Business & Professions Code §§ 17200 *et seq.*;

2   K. Prejudgment interest at the maximum legal rate;

3   L. Reasonable attorneys' fees;

4   M. Accounting of Defendants' records for the liability period;

5   N. General, special and consequential damages, to the extent allowed by law;

6   O. Costs of suit; and

7   P. Such other relief as the Court may deem just and proper.

8   Q.

9

10 DATED: November 21, 2018           HAFFNER LAW PC

11                               By: _____

12                                  Joshua H. Haffner
                                  Graham Lambert

13                                  Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for himself and the Class members on all claims so triable.

DATED: November 21, 2018

HAFFNER LAW PC

By: *[signature]*
Joshua H. Haffner
Graham Lambert
Attorneys for Plaintiff and others
Similarly situated